**STATES MARINE LINES, INC., a corporation, Libelant,**

v.

**UNITED STATES of America, Respondent.**

**No. 28008.**

United States District Court
N. D. California, S. D.

July 22, 1960.

Dorr, Cooper & Hays, San Francisco, Cal., for libelant.

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to Atty. Gen., for respondent.

BURKE, District Judge.

The respondent United States excepts to the libel on file upon the ground that this court, sitting in admiralty, has no jurisdiction of a suit for declaratory judgment against the respondent. The matter came on regularly to be heard and was submitted upon respondent's brief in which libelant joined.

The respondent believes that declaratory judgment proceedings ought to be available in admiralty, but objects to its use against the United States in admiralty unless and until the court has considered its jurisdiction in this regard. Respondent, therefore, contends that unless the court rules unequivocally in favor of the application of declaratory judgment procedure to all parties in admiralty proceedings, the libel against the United States should be dismissed in the instant proceedings.

■ The Declaratory Judgments Act of 1934 (28 U.S.C. §§ 2201, 2202) is procedural only and does not purport to enlarge the jurisdiction of the court, Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, and no explicit restrictions upon the government's consent to be sued for declaratory judgment decrees is contained in the Suits in Admiralty Act, 46 U.S.C.A. § 743. The relevant section of the Act provides that actions under it "shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties". It would thus appear that determination of the basic question raised, i. e., whether or not declaratory relief is available would be a procedural matter applicable to private litigants and to the United States alike. This question need not be decided in view of the holding herein.

Whatever the merit of the contention that declaratory judgment proceedings ought to be available in admiralty actions, that proposition does not seem supported by past decisions. Few courts have considered the question here raised and none have decided it squarely. In Providence Washington Ins. Co. v. Lovett, D.C., 119 F.Supp. 371, the District Court judge rendered a declaratory judgment in an admiralty suit, however, the question of the admiralty court's jurisdiction to entertain such an action was not raised by either counsel or by the court itself. The Court of Appeals for the 5th Circuit in McLain v. Lance, 146 F.2d 341, affirmed, on different grounds, a lower court which had denied such declaratory relief. The Appellate Court, citing Streckfus Steamers v. Mayor and Alderman, 5 Cir., 81 F.2d 298, noted that there was much uncertainty as to whether or not a court of admiralty is authorized to render a declaratory judgment. Respondent United States in Moran Towing and Transportation Co. v. United States, D.C., 56 F.Supp. 104, 105, excepted to the libel, inter alia, because libelant "seeks a declaratory judgment unknown to admiralty jurisdiction". The court overruled that objection, holding that it was clear that the case was not an action to recover a declaratory judgment, but did not pass on the merits of that contention. Moran Towing and the Streckfus cases, supra, are cited in 1 Anderson, Declaratory Judgments, page 211 (2d ed.) to support the statement that "the clear drift of judicial pronouncements is in the direction against the granting of declaratory judgments by courts of admiralty".

Although declaratory relief is provided for in the Federal Rules of Civil Procedure (Rule 57, 28 U.S.C.) it does not seem that such relief is automatically extended to admiralty proceedings. This court is in accord with the reasoning of the lower court in McLain, supra. The district judge in that case found that:

"since Sec. 81(a) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that the Rules do not apply to proceedings in admiralty while Sec. 57 of the Rules provides that the procedure for obtaining a declaratory judgment shall be in accordance with those Rules, the inference is inescapable that the Supreme Court, in the approval of the Rules, had thus expressed the thought that [the] courts of admiralty were not empowered to render declaratory judgments." McLain, supra, 146 F.2d at page 343.

It might be argued that the relief sought could be granted under the General Admiralty Rules which allow the trial courts discretion to make their own rules of practice as they deem expedient for the due administration of justice "provided * * * the same are not inconsistent with these rules." Rule 44, General Admiralty Rules, 28 U.S.C. However, the Supreme Court in the recent case of Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, held that the quoted language was to be construed strictly where the particular practice is not consistent with the present General Admiralty Rules. The instant case would seem to fall within this admonition, since it seems clear that the relief with which we are here concerned could have been, but was not, promulgated in admiralty. This court is constrained to administer the law in the manner presently provided for and is bound to follow the applicable rules. We are not dealing here with an issue that requires the bare choice between an affirmative or negative answer to a narrow question. The problem raised here calls for exacting observance of the statutory procedures designed to insure that basic innovations shall be introduced only by appropriate action taken under the rule-making powers of the Supreme Court. 28 U.S.C., § 331 (Advisory Function of Judicial Conference) and 28 U.S.C., § 2073 (Prior Report of Proposed Rule to Congress).

The remedy asked for in the 2d count of the instant libel is not presently pro-

vided for in the General Admiralty Rules, nor consistent with such rules as promulgated. Accordingly, it is the Order of the court that respondent's objections to the libel are sustained and the libel is hereby dismissed as to Count 2.