**AMERICAN MANUFACTURERS MUTUAL INSURANCE CO., Plaintiff,**

v.

**MANOR INVESTMENT CO., Inc., as Owner; Mercantile Navigation Co., Ltd., as Operator; Westland Marine Corporation, as United States Agent; Mitsubishi Bank, Ltd., as Mortgagee; and Despard & Co., Inc., as Payee, Defendants.**

No. 68 Civ. 1410.

United States District Court
S. D. New York.

July 10, 1968.

Poles, Tublin, Patestides & Stratakis, New York City, for plaintiff; by Melvin J. Tublin, Patrick V. Martin, Harvey F. Milman, New York City, of counsel.

Kroll, Edelman & Lanzone, New York City, for defendant Despard & Co., Inc.

Joseph Cardillo, Jr., New York City, for defendants Manor, Mercantile and Westlund; by Robert V. Corbett, New York City, of counsel.

## OPINION

POLLACK, District Judge.

The plaintiff moves to remand this suit to the State Court. It was removed to this Court on the claim of two of the defendants that the laws of the United States and the requisite amount were in controversy.

This is a maritime matter. In removing the case to this Court the petitioning defendants relied on the notion that a maritime matter bottoms federal question jurisdiction and further that such a matter is removable without regard to citizenship of the parties. 28 U.S.C. § 1441. However, the law is to the contrary; such a matter is not one arising under the Constitution, treaties or laws of the United States; it is one of which the district courts do have original jurisdiction but it is removable only if none of the defendants properly joined is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b), second sentence.

*1. The nature of the suit*

The plaintiff insured the vessel S.S. SAN PATRICK under a marine policy of indemnity and excess coverage. On or about December 18, 1964, the vessel en route from Vancouver, B. C. to Yokohama ran aground near Ulak Island in the Aleutians due to weather conditions and unknown causes, resulting in the

loss of the crew, the vessel and the cargo. This suit is by the insurer for a declaratory judgment to determine the rights of the parties to the contract of marine insurance involved herein. The plaintiff contends that it is under no duty either to defend the assureds in any action against them by reason of the loss or to indemnify them against liability therefor.

### 2. The parties defendant

The plaintiff insurance company is a New York corporation.

There are five defendants, four of whom are named in the policy as assureds, respectively, the owner of the vessel, Manor Investment Co., Inc.; the agent of the owner, Westland Marine Corporation; the operator, Mercantile Navigation Co. Ltd.; and the mortgagee, Mitsubishi Bank, Ltd. The fifth defendant is Despard & Co. which is named in the policy as the payee for distribution of the insurance payable.

Of the five defendants, only two, Westland and Despard are citizens of New York; the remaining defendants are not citizens of New York in which the action was initially brought.

### 3. Jurisdiction

█ A maritime or admiralty case does not arise under the Constitution or laws of the United States; such cases do not raise a federal question. Romero v. International Terminal Operating Co., 358 U.S. 354, 367, 371–372, 378, 79 S.Ct. 468, 3 L.Ed.2d 368, reh. den. 359 U.S. 962, 79 S.Ct. 795, 3 L.Ed. 2d 769 (1959). See also Karakatsanis v. Conquestador Cia. Nav., S.A., 247 F.Supp. 423, 426 (S.D.N.Y.1965); Harrisville Co. v. Home Insurance Company et al., 129 F.Supp. 300 (S.D.N.Y.1954).

█ Federal jurisdiction in admiralty and maritime matters is granted to district courts by statute, 28 U.S.C. § 1333. The state courts have concurrent jurisdiction in admiralty and maritime cases under a saving clause contained in the same statute which provides that:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" [emphasis added].

In Matter of Arbitration between Victorias Milling Co., Inc. and Hugo Neu Corp., 196 F.Supp. 64 (S.D.N.Y. 1961) this Court, in granting a remand to the State Court, said that:

"It should be clear by this time that maritime matters brought in the state courts pursuant to the 'saving to suitors' clause are not removable absent diversity of citizenship. See *Romero* \* \* \*" 196 F.Supp. at 70.

█ A suit on maritime insurance is a case within the saving clause permitting suit on a maritime matter in a state court. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955); New England Mutual Marine Insurance Co. v. Dunham, 11 Wall. 1, 78 U.S. 1, 20 L.Ed. 90 (1871).

Since all defendants herein are not citizens of states other than New York, the removal statute, 28 U.S.C. § 1441(b) may not be employed here, unless it is held that the New York defendants were improperly or unnecessarily joined as parties, or unless the inability of an admiralty court to grant a declaratory judgment renders the suit one involving "a claim or right arising under the Constitution, treaties or laws of the United States". 28 U.S.C. § 1441(b).

█ The defendants correctly contend that a declaratory judgment is not available in admiralty actions, citing States Marine Lines, Inc v. United States, 196 F.Supp. 562 (N.D.Cal.S.D.1960). From this, defendants argue that this case is not within 28 U.S.C. § 1333 which grants federal jurisdiction in admiralty matters. Therefore, the defendants conclude that since maritime law is federal, this case is one arising under §

1331 of 28 U.S.C. and was properly removed.

In support of their contention, the defendants cite Marine Cooks & Stewards, AFL v. Panama Steamship Co., Ltd., 265 F.2d 780 (1959), rev'd on other grounds, 362 U.S. 365, 80 S.Ct. 779, 4 L.Ed.2d 797, reh. den., 363 U.S. 809, 80 S.Ct. 1235, 4 L.Ed.2d 1151 (1960), in which the Ninth Circuit Court of Appeals held that an action seeking to enjoin a maritime tort was not within the admiralty or maritime jurisdiction of the federal courts because a court of admiralty could not grant injunctive relief. The Court held that the suit was governed by federal law, and was therefore within the provisions of 28 U.S.C. § 1331, as arising under the "Constitution or laws of the United States". The Court thereby distinguished *Romero* and accepted jurisdiction under § 1331.

The reasoning of the Ninth Circuit in *Marine Cooks and Stewards*, supra, was, however, expressly disapproved by the Second Circuit in Khedivial Line, S.A.E. v. Seafarers' International Union, 278 F.2d 49 (2d Cir. 1960). *Khedivial* held that in a maritime case, jurisdiction is not conferred on the federal courts under 28 U.S.C. § 1331 merely because a federal court of admiralty is powerless to grant the relief requested. The Court stated

"Decision on this issue is controlled by Romero v. International Terminal Operating Co. * * * We cannot follow what we understand to be the reasoning of the Ninth Circuit in Marine Cooks, namely, that because admiralty was always powerless to grant an injunction, a proposition that we fully accept, an equitable remedy for a maritime tort therefore would be within the grant of 28 U.S.C. § 1331. * * * we find nothing in Romero to justify reading 'under the Constitution, laws or treaties of the United States' in 28 U.S.C. § 1331 to include the general maritime law in cases where admiralty is not competent to give the remedy the plaintiff seeks." 278 F.2d at 53.

■■ Thus, the phrase contained in 28 U.S.C. § 1331 "under the Constitution, laws or treaties of the United States" excludes all maritime or admiralty cases, not merely those in which a court of admiralty is empowered to provide a remedy, and jurisdiction in this case is saved to the State Courts under 28 U.S.C. § 1331.

■ It need hardly be added that the declaratory judgment statute, 28 U.S.C. § 2201 and Rule 57, F.R.Civ.P., are not jurisdictional and do not create a case arising under the Constitution or laws of the United States within the meaning of 28 U.S.C. § 1331 or § 1441. Skelly Oil Company v. Phillips Petroleum Company, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Schilling v. Rogers, 363 U.S. 666, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960).

■ In considering the requirements of 28 U.S.C. § 1441(b) with respect to non-citizenship of the defendants, nominal or formal parties who do not have a direct interest in the outcome must be ignored. Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122 (1903); Lucania Societa Italiana Di Navigazione v. United States Shipping Board Emergency Fleet Corporation, 15 F.2d 568 (S.D.N.Y.1923).

The defendant contends that both of the New York corporate defendants, Despard and Westland, are merely nominal parties.

■ Despard is merely the payee under the contract of insurance, and its sole function and interest thereunder and herein is to receive and pay over the funds collected under the policy. Despard, under these circumstances is held to be unnecessary to the suit for purposes of the removal statute. Salem Trust Company v. Manufacturers' Finance Company et al., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924). Cf. Andrews v. Norddeutscher Lloyd (Bremen), 12 F.Supp. 129 (E.D.N.Y.1935). The defendant asserts that Westland, as the United States Agent for Manor, is an

unnecessary party because it cannot be held liable in any way in connection with the loss of the S.S. SAN PATRICK; that the suits against Westland, mentioned in the complaint herein (65 Civ. 3367, 66 Civ. 4321, 65 Ad. 161), have all been concluded and that in each case, Westland was granted summary judgment on the grounds that it was merely an agent for a disclosed principal and as such not liable to third parties.

■■■ The defendant, Westland, however, is a named assured in the policy in suit. While, as defendants contend, actions against Westland in this Court have been terminated favorably to it, the decisions in those cases do not preclude the possibility that Westland may be considered to be a party in interest in connection with the loss of the SAN PATRICK. In two of the suits, 65 Civ. 3367 and 65 Ad. 161, the complaint and libel, respectively, were dismissed as to Westland because it was not the owner of the vessel. The Court, (Murphy, D. J.), in a Memorandum filed in both cases stated that "Plaintiff's other vague allegation that Westland Marine both employed and/or controlled the officers and members of the crew is not supported by any facts" (April 20, 1966). The third case (66 Civ. 4321) was dismissed on the basis of res adjudicata and collateral estoppel (McLean, D. J., March 22, 1967).

It thus appears that should a future complainant—there is no showing that all applicable statutes of limitations have expired—allege and prove facts tending to place control of the vessel or its men in the defendant Westland, that defendant might be held accountable for the loss of the SAN PATRICK.

Furthermore, the plaintiff herein seeks not merely a determination that it will not be liable to indemnify the defendants in the event of a judgment against them; it seeks to determine its obligations to defend under the policy. It seeks to put to rest in this action for a declaratory judgment all claims for counsel fees or breach of contract

that may heretofore have arisen or may in the future arise. Such a declaration may not be avoided by a contention that the plaintiff ultimately will not be liable to pay a judgment under the policy.

Accordingly, Westland is properly joined as a defendant party in interest and the provisions of the second sentence of 28 U.S.C. § 1441(b) do not permit removal of this suit to this Court.

The plaintiff's motion to remand is, in all respects, granted.

So ordered.