**INSURANCE COMPANY OF NORTH AMERICA, a corporation, Plaintiff,**

v.

**LANGAN CONSTRUCTION COMPANY, Inc., a corporation, Defendant.**

Civ. A. No. 6553–71–T.

United States District Court, S. D. Alabama, S. D.

May 20, 1971.

A. Clay Rankin, III, Mobile, Ala., for plaintiff.

Robert H. Smith, Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, Chief Judge.

This matter comes on to be heard on defendant's motion to dismiss filed on April 9, 1971, and taken under submission by the Court after oral argument on April 29, 1971.

The plaintiff seeks a declaratory judgment on a marine insurance policy and an injunction prohibiting defendant from filing suit elsewhere. The defendant contends that since neither a declaratory judgment nor an injunction is an available remedy in Admiralty, plaintiff has not stated a claim upon which relief may be granted.

A suit on a marine insurance policy is unquestionably an Admiralty cause of action. New England Mutual Marine Insurance Co. v. Dunham, 11 Wall. 1, 78 U.S. 1, 20 L.Ed. 90 (1870); Gilmore and Black, The Law of Admiralty (1757) § 2–1.

Prior to 1961, it had been held [1] that Admiralty could not grant declaratory relief. States Marine Lines, Inc. v. United States, 196 F.Supp. 562 (N.D. Cal.1960). In 1961, the Supreme Court remedied the situation by adopting General Admiralty Rule 59 which authorized declaratory relief in appropriate Admiralty cases. This Court in 1963 gave declaratory relief pursuant to Rule 59 in a marine insurance dispute in Brunson v. Iowa Home Mutual Casualty Company, 224 F.Supp. 592 (S.D.Ala.1963).

Admiralty Rule 59 was rescinded in 1966 with the unification of Admiralty and Civil procedure and was replaced by Rule 57 of the Federal Rules of Civil Procedure. Insurance Co. of the State of Pennsylvania v. Amaral, 44 F.R.D. 45 (S.D.Tex.1968); Cateora v. British Atlantic Assurance Ltd. of Nassau, 282 F. Supp. 167 (S.D.Tex.1968).

The defendant does cite a 1968 case that unequivocally states that an admiralty court cannot grant declaratory relief (American Manufacturers Mutual Insurance Co. v. Manor Investment Co., 286 F.Supp. 1007 (S.D.N.Y.1968)) but this Court specifically rejects that Court's holding. The issue of declaratory judgment in that case was only incidental to the main issue, which was removal of an admiralty action from the State Court when diversity of citizenship was lacking. The only authority cited by the New York District Court for its position was the pre-Admiralty

---

1. The Fifth Circuit in McLain v. Lance, 146 F.2d 341 (1944) said it was uncertain whether an Admiralty Court could grant declaratory relief.

Rule 59 case of States Marine Lines, Inc. v. United States, supra.

The Court deems it unnecessary at this time to rule on the question of whether an admiralty court can issue an injunction since the plaintiff has not stated sufficient reason why the Court should issue a temporary injunction. Suffice it to say that plaintiff's declaratory judgment request states a cause of action upon which relief may be granted.

Accordingly, it is ordered, adjudged and decreed that the motion to dismiss should be and hereby is denied.