**STONEWALL INSURANCE COMPANY,**
**Plaintiff,**

v.

**William O. SESSIONS, Jr., and the First National Bank of Mobile, Defendants.**

**Civ. A. No. 75–419–T.**

United States District Court,
S. D. Alabama, S. D.

Dec. 18, 1975.

---

3. *See* note 1, *supra*.

W. Boyd Reeves, A. Danner Frazer, Jr., Mobile, Ala., for plaintiff.

J. Mason Murray, J. W. Goodloe, Jr., Mobile, Ala., for defendants.

## ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

This matter comes on to be heard on a motion to dismiss filed by the defendants on September 30, 1975, and taken under submission by the Court on November 24, 1975. The plaintiff, Stonewall Insurance Company (Stonewall) seeks a declaratory judgment on a marine insurance policy.[1] The defendants, William O. Sessions, Jr. (Sessions) and The First National Bank of Mobile (First National) assert that there is presently pending in the Circuit Court of Mobile County, Alabama, a suit commenced by Sessions against the plaintiff Stonewall. The defendants further assert that the state court action is for breach of the identical marine insurance contract and that the issues raised in this action for declaratory judgment can be fully and completely adjudicated in the state circuit court. Moreover, the defendants contend that Stonewall's suit should be dismissed in that the plaintiff seeks to utilize this declaratory judgment action as an "instrument of procedural fencing" to remove Sessions' claim from state court.

The alleged facts are as follows: Sessions was the owner of the vessel F/V YANKEE CLIPPER. This shrimp trawler was financed with First National. On or about January 30, 1975, the vessel sank in the Gulf of Mexico in the vicinity of Panama City, Florida. At the time of the loss of said vessel, Sessions had a marine insurance policy with Stonewall insuring the vessel. On or about March 25, 1975, Stonewall informed Sessions that the company would not afford coverage. Subsequently, Sessions made written demand upon the plaintiff to honor the policy. Receiving no reply from Stonewall, the defendant commenced suit in the state circuit court on August 11, 1975, against the insurance company in Civil Action No. 48294. On August 26, 1975, Stonewall filed suit in this court against both Sessions and First National. On October 3, 1975, Sessions filed a motion in state circuit court seeking to add First National as a party plaintiff in the state court claim. Said motion was granted and First National is currently a party plaintiff to the state court action.

There can be no dispute that Sessions has the right to initiate his suit in the state circuit court and to continue to proceed with his claim under the "savings to suitors" clause pursuant to 28 U.S.C.A. § 1333(1). However, the threshold issue to be determined is whether Stonewall can maintain this action for declaratory judgment concurrently with the circuit court action in state court. It is well settled that the trial court has the sound discretion to entertain an action for declaratory judgment. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). But, the Court may refuse to grant such relief where the declaratory judgment action is being used for "procedural fencing." *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961). The defendants herein assert that the plaintiff has no right to remove the state court action under 28 U.S.C.A. § 1441 in that both Stonewall and Sessions are citizens of Alabama.[2] Absent

---

1. The plaintiff's complaint also sought to enjoin the defendant Sessions from pursuing his claim in the Circuit Court of Mobile County, however, the brief filed by the plaintiff on December 4, 1975, no longer raises this claim. Suffice it to say, the plaintiff does not challenge Sessions' right to bring his suit in the state circuit court under the "savings to suitors" clause. 28 U. S.C.A. § 1333(1).

2. It is well established that maritime actions in state court are in fact removable under the "savings to suitors" clause if there is an independent basis for federal jurisdiction, such as diversity of citizenship and the req-

diversity, removal jurisdiction is not available to the plaintiff in this action. The argument made by the defendants is that the plaintiff is now seeking to obtain the same results by a "circuitous route" in the form of a declaratory judgment action in federal court.

■■■ The declaratory judgment action as embodied in Rule 57, Federal Rules of Civil Procedure, specifically provides that the existence of "another adequate remedy does not preclude a judgment for declaratory relief" and the pendency of a suit in state court does not necessarily bar an otherwise appropriate action for declaratory judgment. *Western Casualty & Surety Company v. Teel,* 391 F.2d 764 (10th Cir. 1968); Wright & Miller, Federal Practice and Procedure: Civil § 2758. Basically, the plaintiff's theory is that this Court has jurisdiction and therefore, "it is proper for this Court to entertain this litigation concurrently with the state court."[3] Generally, where state and federal courts have concurrent jurisdiction, a pending state court proceeding is not a bar to a concurrent federal court case. *McClellan v. Carland,* 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910). Accordingly, even though jurisdiction may exist as in the case at bar, under Rule 57, the granting of a declaratory judgment is at the discretion of the district court. *Brillhart v. Excess Insurance Co., supra.* The remedy of declaratory judgment serves a multitude of useful purposes; however, the use of the declaratory judgment as a device to circumvent non-removal litigation is not one of them. As was stated by the court in *American Automobile Ins. Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir. 1939):

"The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. *It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act,* and such would be the result in the instant case. . . ." (Emphasis added)

See also *Shell Oil Company v. Frusetta,* 290 F.2d 689 (9th Cir. 1961); *Aetna Casualty & Surety Co. v. Quarles,* 92 F. 2d 321 (4th Cir. 1937). Note, Availability of a Declaratory Judgment When Another Suit is Pending, 51 Yale L.J. 511 (1942).

■■ Finally, the plaintiff asserts that this motion should be denied in that the questions relating to this marine insurance policy will be decided on maritime law and by virtue of the volume of maritime cases before the Court, the federal court is better suited to determine and apply maritime law. It is well recognized that a suit on a marine insurance policy is an Admiralty cause of action. *New England Mutual Insurance Co. v. Dunham,* 78 U.S. (11 Wall.) 1, 20 L.Ed. 90 (1870); *Insurance Co. of North America v. Langan Construction Co.,* 327 F.Supp. 567 (S.D.Ala.1971) 1 Benedict on Admiralty § 242 (6th ed. 1974). Notwithstanding the application of maritime law to the instant case, the Court is of the opinion that the state circuit court can properly determine this matter. In effect, Sessions is the real plaintiff and under the "savings to suitors" clause elected to proceed in state court in an *in personam* action. Admittedly, the parties and issues before both courts are identical. Under the above circumstances, Stonewall should not be permitted to pursue the declaratory relief it seeks here.    .

---

uisite amount in controversy. *Safir v. Compagnie Generale Transatlantique,* 241 F. Supp. 501 (D.C.N.Y.1965). See Currie, The Silver Oar and All That: A Study of the Romero Case, 27 U.Chi.L.Rev. 1 (1959).

**3.** Plaintiff's brief at 2.

Therefore, it is ordered, adjudged and decreed that the defendants' motion to dismiss is granted.