HOME FEDERAL SAVINGS AND LOAN
ASSOCIATION OF ALGONA,
IOWA, Petitioner,

v.

INSURANCE DEPARTMENT OF IOWA
and William H. Huff, III, Commissioner
of Insurance, Respondents.

Civ. No. C76–3017.

United States District Court,
N. D. Iowa, C. D.

March 17, 1977.

Ross H. Sidney, Claude H. Freeman, Des Moines, Iowa, for petitioner.

Tony Schrader, Director of Public Service Div., Dept. of Insurance, Des Moines, Iowa, William D. Hager, Asst. Atty. Gen., for respondents.

Kenneth L. Butters, Jr., of Stewart, Heartney, Brodsky, Thornton & Harvey, Des Moines, Iowa, amicus curiae-Independent Ins. Agents of Iowa.

ORDER

HANSON, Chief Judge.

The filing of the above-entitled cause has raised before the Court substantial questions pertaining to federal jurisdiction. Petitioner, in its June 11, 1976 petition for injunctive or declaratory relief, seeks to terminate an ongoing state proceeding instituted by respondents on the basis that respondents have no jurisdiction over a federally chartered institution. On July 1, 1976, the respondent Insurance Department filed an answer, reasserting its jurisdiction as to petitioner. Pursuant to the parties' request, the Court heard oral arguments on February 9, 1977.

Facts essential to the jurisdictional issue are undisputed. On or about April 5, 1975, respondents filed a notice of hearing directed to petitioner and General Underwriters Insurance Agency, both of Algona, Iowa. In said notice, petitioner Home Federal and General Underwriters were alleged to be violating state insurance law by maintaining a tie-in arrangement between loans and the sale of insurance. Section 507B.5, Code of Iowa (1975). Petitioner Home Federal, on May 3, 1976, filed with respondent Commissioner a motion to dismiss and a request for ruling. Among several other defenses, petitioner contended that it (1) was not engaged in the "business of insurance," (2) was not permitted by its charter to engage in the insurance business, and (3) as a federal savings and loan association chartered under 12 U.S.C. § 1461 et seq. (Home Owners Loan Act), was not subject to the State's insurance law. Thereafter, on May 12, 1976, the allegations against General Underwriters were dismissed by respondents. But on May 14, 1976, the respondent Commissioner filed Findings of Fact, Conclusions of Law, and a Ruling, wherein said

respondent determined that petitioner Home Federal was engaged in the business of insurance for purposes of Section 507B.5 and was subject to state insurance law. Respondent Commissioner ruled that the application of Iowa law to petitioner was not in violation of Article VI of the Federal Constitution, pursuant to 15 U.S.C. § 1011 *et seq.* (McCarran-Ferguson Act). Wanting review of the Commissioner's ruling, petitioner, in addition to requesting injunctive or declaratory relief from this Court, has filed a petition for judicial review in the State District Court for Kossuth County, Iowa.

In its action in this Court, petitioner Home Federal cites the Home Owners Loan Act and moves for an order either enjoining respondents from proceeding with their action, or alternatively entering a declaratory judgment granting petitioner relief from pending state action. Respondents, countering with the McCarran-Ferguson Act, assert that the State Insurance Department has jurisdiction and, in fact, deny that jurisdiction of this matter lies with the federal courts. At oral argument, respondents further asserted that even if this Court has jurisdiction, the state court exercises concurrent jurisdiction and should alone be allowed to pursue this matter to finality.

Thus, underlying the parties' pleadings, the Court finds three general questions concerning federal jurisdiction and its possible implementation.

I. Does the Court have jurisdiction over this matter?

II. If it has jurisdiction, should the Court exercise that jurisdiction?

III. If the court does exercise jurisdiction, how should that jurisdiction be exercised?

As to each of these questions, which were posed by the Court at the hearing, the parties are in disagreement.

I.

In considering the threshold question of jurisdiction, the Court has determined that petitioner can pursue its action in this forum by reason of the "federal question" provision of 28 U.S.C. § 1331(a).

> The district courts shall have original jurisdiction of all civil actions wherein the matter in the controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and arises under the Constitution, laws, or treaties of the United States

Clearly the basic inquiry as to whether petitioner, as a federal savings and loan association, can be regulated by the respondent Insurance Commission raises a substantial federal question under 12 U.S.C. § 1464(a), a section which gives the Federal Home Loan Bank Board far-ranging control over all such savings and loan associations.

> In order to provide local mutual thrift institutions in which people may invest their funds and in order to provide for the financing of homes, the Board is authorized, under such rules and regulations as it may prescribe, to provide for the organization, incorporation, examination, operation and regulation of associations to be known as "Federal Savings and Loan Associations", and to issue charters therefor. . . .

Also, by arguing that petitioner is subject to state insurance law under the McCarran-Ferguson Act, respondents raise another preliminary federal question: is or was petitioner Home Federal involved in the "business of insurance" pursuant to 15 U.S.C. § 1012(a)?

> The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.

See *First National Bank in Plant City v. Dickinson,* 396 U.S. 122, 133, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969); *North Davis Bank v. First National Bank of Layton,* 457 F.2d 820 (10th Cir. 1972).

To place itself within the jurisdictional limits of Section 1331(a), petitioner has alleged injury in excess of $10,000.00, noting that the Commissioner could assess a fine of up to $50,000.00 for the purported violation of Chapter 507B. Unable to say with "legal

certainty" that petitioner would not be damaged in excess of $10,000.00, the Court confronts a "case of controversy" that cannot be ·dismissed for lack of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

## II.

 Even conceding that certain federal questions need be preliminarily determined, respondents argue that the state court has the requisite concurrent jurisdiction to make these decisions. Respondents, consequently, counsel this Court to practice abstention. In contrast, petitioner seemingly contends that because federal law has preempted state regulation with respect to federal savings and loan institutions, only federal courts have jurisdiction in related legal disputes.

> The cases are legion which hold that this preemptive delegation of authority to the [Federal Home Loan Bank] Board extends to the internal operation of these institutions, precluding any regulation or interference by the states. *Rettig v. Arlington Heights Federal Savings & Loan Ass'n,* 405 F.Supp. 819 (N.D.Ill.1975).

Though this action undeniably involves federal questions, the Court finds that " . . . there is no irreconcilability in the existence of concurrent state and federal jurisdiction." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Indeed, in *Kaski v. First Federal Savings & Loan of Madison,* 72 Wis.2d 132, 240 N.W.2d 367 (1974), a case upon which petitioner has heavily relied, the Wisconsin State Supreme Court recognized that while federal law has preempted state law with respect to federal savings and loan institutions, state courts are not necessarily without jurisdiction to enforce applicable federal law.

> ' . . . [N]othing in the concept of our federal system prevents state courts from enforcing rights created by federal law. Concurrent jurisdiction has been a common phenomenon in our judicial history, and exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule.' *Kaski,* 240 N.W.2d at 373.

State courts have on occasion applied the federal law in areas involving federal home loan associations, and petitioner offers neither argument nor statutory provisions prohibiting such state court action. *McNeill v. Jacobson,* 55 Wis.2d 254, 198 N.W.2d 611 (1972). The fact, however, that the state court may have jurisdiction does not oust jurisdiction of the federal court over a similar action in its court. *United States v. Bishop Processing Co.,* 287 F.Supp. 624 (D.Md.1968). A state court proceeding is not a bar to a concurrent federal court case for declaratory relief. *McClellan v. Carland,* 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910); *Stonewall Ins. Co. v. Sessions,* 404 F.Supp. 858 (S.D.Ala.1975). The question remaining before the federal court in such a situation is one of abstention; that is, the federal court, for reasons of comity or otherwise, must determine whether to abstain from the case and permit the state judiciary to render a ruling.

In commenting upon the expanding federal doctrine of discretionary abstention, the United States Supreme Court recently observed:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State Court would clearly serve an important countervailing interest.' *Colorado River, supra.*

The Supreme Court then delineated those "exceptional circumstances" which would justify abstaining in favor of the state

courts, none of which is herein present. Nor is there present in the instant action any of those comity-administrative rationale that go beyond abstention to justify dismissal. *See Colorado River, supra.* This Court, therefore, must move forward. Authority cannot be abdicated merely on the grounds that a similar action is pending in this state court. *See Carr v. Grace,* 516 F.2d 502 (5th Cir. 1975).

### III.

■ In determining how its jurisdiction should be exercised, the Court confronts the issues of whether petitioner Home Federal was engaged in the insurance business and if, pursuant to the McCarran-Ferguson Act, it could in any case be subject to state insurance law. Petitioner, which denies involvement in the insurance business, contends that it is subject only to the federal regulations governing federal savings and loan institutions (12 C.F.R. §§ 500 *et seq.*); respondent claims that since there are no insurance provisions among those federal regulations, petitioner is unquestionably subject to state insurance law. Such issues are not easily resolved, and the Court, for reasons of primary jurisdiction, will not presently proceed to a resolution.

While there is no fixed formula for invoking primary jurisdiction, it generally " . . . comes into play when a court and an administrative agency have concurrent jurisdiction over the same matter, and no statutory provision coordinates the work of the court and of the agency." *Mercury Motor Express, Inc. v. Brinkle,* 475 F.2d 1086, 1091 (5th Cir. 1973). Courts, in permitting the agency to proceed without interference, frequently cite two reasons for staying their jurisdiction. One is to promote uniformity and consistency in the treatment of businesses whose regulation has been entrusted to an administrative agency. *United States v. Western Pac. Ry. Co., supra,* 352 U.S. 59, 63–64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126; *Mercury Motor, supra; Texas & Pac. Ry. v. Abilene Cotton Oil Co.,* 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907). The second reason for invoking primary jurisdiction is

to defer to an expert agency in an area which is not within the conventional experience of judges. *Far East Conference v. United States,* 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952); *Mercury Motors, supra.*

For reasons both of uniformity and expertise, the Court has decided that the doctrine of primary jurisdiction should be utilized in the instant case. Petitioner maintains that its charter prohibits involvement in the insurance business. Surely the Federal Home Loan Bank Board, which issued petitioner's charter, is best able to determine what that charter, which is not before the Court, does permit and prohibit. The Board is also responsible for the drafting, adopting, and enforcing of those regulations pertaining to federal savings and loan institutions, and it is able to promote a uniformity and consistency which is beyond this Court's control. Hence, staying its jurisdiction and holding the case in abeyance, the Court will forego further action until the Bank Board makes an initial ruling as to whether federal regulations or state insurance law, pursuant to the McCarran-Ferguson Act, govern petitioner's rights and liabilities.

The Court anticipates petitioner's dissatisfaction with a decision that neither enjoins the pending state proceedings nor forces respondents to present their allegations before the Federal Home Loan Bank Board. Nevertheless, the Court, particularly in view of recent case law development, refuses to issue the requested injunction. While the United States Supreme Court has only specifically addressed federal court interference in state criminal proceedings, it has indicated that a federal court should not enjoin state administrative proceedings unless such proceedings are characterized by harassment or bad faith. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Not only are harassment and bad faith herein absent, but the Court fails to find that petitioner will suffer the requisite "irreparable injury." F.R.Civ.P. 65. It cannot be presumed that the state court

will not properly determine that respondents' action is at least initially controlled by the federal savings and loan regulations. Indeed, recognizing that such federal regulations do initially control, the state court would apparently attain the same end herein reached. That is, invoking the exhaustion of remedies doctrine, the state court could determine that respondent Commissioner must first avail himself to administrative remedy with the Federal Home Loan Bank Board. *See Kaski, supra,* 240 N.W.2d at 373–74; *People v. Coast Federal Savings & Loan Ass'n,* 98 F.Supp. 311, 317 (S.D.Cal.1951).

Accordingly, for the reasons heretofore stated,

IT IS ORDERED, ADJUDGED AND DECREED that while this Court has jurisdiction to act upon or review the above-entitled case, it will stay its jurisdiction and hold this case in abeyance pending the initiation and conclusion of the appropriate administrative proceeding before the Federal Home Loan Bank Board.