**LAWYERS TITLE INSURANCE CORPORATION, Plaintiff,**

v.

**COMBINED AMERICA PROPERTIES, Defendant.**

**Civ. A. No. CA 3–88–0638–C.**

United States District Court,
N.D. Texas,
Dallas Division.

July 18, 1988.

Mark T. Davenport of Figari & Davenport, Dallas, Tex., for plaintiff.

Richard L. Nelson and Renee H. Tobias of Johnson, Bromberg & Leeds, Dallas, Tex., for defendant.

## ORDER AND MEMORANDUM OPINION

CUMMINGS, District Judge.

Coming on for consideration is defendant's motion to dismiss and plea in abatement, contained in its original answer and counterclaim filed April 25, 1988. The Court, after review of the pleadings and arguments of counsel, finds that this Court has the discretion to entertain the present declaratory judgment suit. *Texas Employers' Insurance Ass'n v. Jackson*, 820 F.2d 1406, 1421 (5th Cir.1987); *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 677 (5th Cir.1973). In the case at bar, no federal question exists or even federal interest in the outcome of the case. Plaintiff is merely seeking a declaratory judgment as to its duty to defend and construction of the indemnity provisions of a title insurance policy, all of which is controlled by state law.

Quite possibly, the Court would need to certify questions to the Texas Supreme Court regarding interpretation of the insurance policy's provisions in order to properly decide such declaratory judgment suit. Further, the answer and counterclaim raise the same questions that have priorly been raised in a pending state court action. Therefore all questions raised in this case are and will be completely answerable in the state forum.

Although none of the parties in their numerous briefs cite the *Texas Employers'* or *PPG Industries* cases regarding the jurisdiction of this Court to entertain the case at bar, the Court feels compelled to address them along with a recent Fifth Circuit opinion in *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988). The Fifth Circuit in *Texas Employers'* considered the exercise of federal jurisdiction in a declaratory judgment situation, but the case is distinguishable due to the involvement of a federal question based on the Longshore and Harbor Workers' Compensation Act. Further, no appealable decision had been rendered in the state case which barred federal action under the Full Faith and Credit Act.

The Fifth Circuit in *PPG Industries*, on the other hand, dealt with a diversity situation and affirmed the staying of federal action where deference was given to a parallel Texas state court action between the same parties and involving the same issues. In *Evanston*, however, the appellate court found that a duplicate federal case of a pending state court action did not create piecemeal litigation and reversed the district court's abstention where diversity existed. The *Evanston* decision failed to address or distinguish the prior appellate decision in *PPG Industries*. Of probable significance in the *Evanston* case are the facts that at least twenty (20) other state court actions were pending in various parts of Louisiana, involving the same insurance company's duty to defend/indemnify, and which would all be affected by the rendition of a federal court decision.

■ Piecemeal litigation is one of the factors considered by the United States Supreme Court in *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813–17, 96 S.Ct. 1236, 1244–46, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). Other factors considered in determining whether to entertain or defer jurisdiction where a state court action is pending include the wise administration and conservation of judicial resources, the comprehensive disposition of litigation, the jurisdiction over any res or property, the convenience of one forum over the other, the order of obtaining jurisdiction, the existence of federal questions or the application of federal versus state law, and the importance of any federal interest in the case. See *Colorado River*, 424 U.S. at 818–820, 96 S.Ct. at 1246–1248; *Moses Cone*, 460 U.S. at 25–26, 103 S.Ct. at 941–942; *Evanston* at 1189–91; *Texas Em-*

*ployers'* at 1421; and *PPG Industries* at 680–83.

■ This Court finds administratively that the case at bar would be best handled in the state forum. Separating the questions of insurance coverage from the underlying injury can be better handled in the state action if a prior or post determination of such issues is desired. The parties have the ability to request bifurcation of such issues or an accelerated hearing or to even file motions for summary judgment in order to separately determine such questions. However, by separating the case into two pieces and bringing them in two different courts, no assurances can be given as to how or when either court will reach the merits of each piece before it.

Such a split only gives a party a dilatory tactic to use in either or both courts whenever the status of the other docket is such that the case could and should be determined. Experience is a wise teacher and the debate over which case should go first is one that could be avoided or handled with ease whenever all of one case is pending before one court. We therefore refuse to be a part of any legal ping pong that entertaining the insurance portion of this case may create.

This Court is one of limited jurisdiction, and the balancing of the factors discussed in *Colorado River* and *Moses Cone* and other cases illustrate an appropriate basis for deferral in this matter. No federal interest or question is presented to help justify the expenditure of federal judicial resources where the case involves a good number of witnesses, parties and documents all located in Texas as well as the real property involved. Additionally, the Texas court obtained jurisdiction first and solely Texas law will be applied. Clearly the plaintiff insurance company can obtain adequate protection in the state court.

While being cognizant of the Court's "heavy obligation" to exercise the jurisdiction given to it (as discussed in *Evanston*) but after balancing the factors, the Court finds that federal court proceeding should be stayed and the case administratively closed without prejudice to it being reopened if, after resolution in the state court action, all issues have not been resolved.

As in the *PPG Industries* case, entering a stay may have the same practical effect as a dismissal, but this action should not be dismissed. The state action may be unreasonably delayed or other circumstances arise which might, upon the proper petition, cause this Court to reactivate this action. See *PPG Industries* at 682 (citing *Aetna State Bank v. Altheimer*, 430 F.2d 750, 756 (7th Cir.1970). Therefore simply staying this proceeding is a satisfactory means to accomplish the ends sought.

As a side note, this Court refuses to allow the Declaratory Judgment Act to be used for "procedural fencing" whereby a federal forum is established even though a party is not allowed to remove the state court case to federal court. *See e.g. Ohio Casualty v. Jackson County Bank*, 562 F.Supp. 1165, 1169 (W.D.Wis.1983) and *Stonewall Insurance Co. v. Sessions*, 404 F.Supp. 858, 860 (S.D.Ala.1975). Such is the case at bar where a declaratory judgment action was brought when no grounds for removal exist and the same request for judgment could (and may) have been made in the more appropriate state forum.

Justice Frankfurter, in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), found it "uneconomical as well as vexatious for the federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties" and thereby refused to gratuitously interfere with the orderly and comprehensive disposition of the state court case. *Id.* at 495, 62 S.Ct. at 1175. We heartily concur.

It is therefore ORDERED that this case be stayed and administratively closed without prejudice to it being reopened if the pending state court action styled as *544 Joint Venture v. Combined America Properties*, Civil Action No. 199–216–88 (199th Judicial District, Collin County, Texas) fails to resolve all the issues between these parties.

The Clerk shall furnish a copy hereof to each attorney of record.