## MONTGOMERY WARD INSURANCE COMPANY

v.

### Lida PLACEK.

Civ. A. No. 88–4026.

United States District Court, E.D. Louisiana.

May 3, 1989.

Raymon G. Jones, Deutsch, Kerrigan & Stiles, New Orleans, La., for plaintiff.

Tom W. Thornhill and David L. Thornhill, Slidell, La., for defendant.

ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of defendant, Lida Placek, to stay or, in the alternative, to dismiss. The Court, after reviewing the memoranda of counsel and the applicable law, denies defendant's motion for the reasons set forth below.

Montgomery Ward Insurance Company (Montgomery Ward) brings this Declaratory Judgment Action to obtain a declaration of the rights and liabilities of the parties under policy of insurance number APV 0208808 which it issued to defendant, Lida Placek. Ms. Placek seeks insurance benefits for the wrongful death of her son.

Subsequent to the filing of the federal suit, Ms. Placek filed a petition for damages in the Twenty–Second Judicial District Court of Louisiana against Montgomery Ward, alleging that it arbitrarily and capriciously denied insurance coverage for the wrongful death of her son. Ms. Placek now moves this Court to abstain from exercising jurisdiction so that the entire controversy may be tried in one forum after a full and fair hearing of all pertinent facts and by a court which can resolve the entire dispute between the parties. According to Ms. Placek, Montgomery Ward filed this action after settlement negotiations broke down and with full knowledge that she would institute an action for damages in state court. Ms. Placek believes that Montgomery Ward's declaratory judgment action solely on the coverage issue is an attempt to deprive Ms. Placek of her choice of forum and will result in a piecemeal resolution of the dispute. All issues of coverage raised in the federal suit are pending in state court and, of necessity, must be decided as part of the state court suit. Finally, Ms. Placek argues that Montgomery Ward's active choice to litigate the insurance dispute in state court rather than remove the action to federal court merits abstention by this Court.

In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483, (1976) the Supreme Court recognized that a federal suit may be stayed or dismissed due to concurrent state or federal proceedings for reasons of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Id.* 424 U.S. at 817, 96 S.Ct. at 1246, (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952)). Factors the federal court should consider in deciding whether to abstain from exercising its jurisdiction include the desirability of avoiding piecemeal litigation,[1] the inconvenience of the federal forum, the absence of any substantial progress in the federal court litigation, and the order in which jurisdiction was obtained by the concurrent forums. However, the Supreme Court also recognized the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" and explained that exceptional circumstances must be shown to permit "the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration...." 424 U.S. at 818, 96 S.Ct. at 1246.

In a subsequent decision, *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court added two additional factors in the abstention analysis: whether the source of the governing law is state or federal and whether the rights of the plaintiff in the federal suit would be adequately protected in the state court proceedings.

In accordance with the mandate of *Colorado River* and *Moses Cone,* the Fifth Circuit Court of Appeals determines whether to invoke the abstention doctrine by evaluating the pertinent facts in light of the factors enunciated by the Supreme Court. *See e.g., Allen v. La. State Bd. of Dentistry,* 835 F.2d 100 (5th Cir.1988); *Evanston*

---

1. This factor is particularly important in actions where a federal or state statute evidences a policy to conduct the actions in unified proceedings. *See Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247.

*Insur. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir.1988).

Applying the *Colorado River* and *Moses Cone* factors to the case at bar, the Court finds that invocation of the abstention doctrine is not warranted. The crux of Ms. Placek's argument is that she is being prevented from having the entire controversy decided in the forum of her choice. However, a litigant is not guaranteed her choice of forum by the judicial process. Further, the abstention analysis gives preference to the court that obtained jurisdiction first. In the case at bar, the order in which jurisdiction was obtained by the forums counsels against abstention. Montgomery Ward is as much entitled to its choice of forum as is Ms. Placek. Whether Montgomery Ward "rushed to the Courthouse steps" to obtain a federal forum is of no consequence in the abstention analysis.

The critical abstention factor in the case at bar is the desirability of avoiding piecemeal litigation. In this regard, the Court is most concerned with avoiding the "legal ping pong" that may result from concurrent proceedings, the duplication of judicial efforts, and the unnecessary litigation expense imposed on the parties. It is significant to the Court that Montgomery Ward's federal suit did not deprive Ms. Placek of the opportunity to have her claim for arbitrary and capricious denial of insurance coverage and Montgomery Ward's declaratory judgment action decided in a single proceeding.[2] If Ms. Placek desired both actions to be tried in a single forum, she could have filed suit in federal court and moved to consolidate her action for damages with Montgomery Ward's declaratory judgment action.[3] Furthermore, the Court does not accept Ms. Placek's view that Montgomery Ward's decision to not remove the state court suit, wherein the insurance dispute will also be litigated, merits abstention by the Court.[4] Ms. Placek could have filed her suit in federal court and avoided the piecemeal litigation of this issue.

The remaining abstention factors do not militate in favor of abstention. There has not been extensive discovery in the state court. Only Ms. Placek's deposition has been noticed and no other discovery has been taken. Finally, the convenience of the forums is not a significant factor. Both forums are accessible to the parties and witnesses. The federal forum is no more inconvenient to Ms. Placek than the state forum is to Montgomery Ward.

---

**2.** *See e.g., Lawyers Title Ins. v. Combined America Properties*, 688 F.Supp. 275, 277 (N.D.Tex. 1988) (the Court refused to allow the Declaratory Judgment Act to be used for "procedural fencing" where a federal forum on the insurance coverage issue was established, but no grounds for removal of the earlier filed state court suit existed).

**3.** Though declaratory judgment proceedings are usually tried by the Court without a jury and, hence, are not consolidated for trial with jury actions, Federal Rule of Civil Procedure 57 recognizes the right to a jury trial in a declaratory judgment action under certain circumstances. The determination is made by "look[ing] to the kind of action in which the issue involved would have been decided if there were no declaratory judgment procedure and [determining] whether the issue would have been triable of right to a jury in that action. If there would have been a right to jury trial on the issue if it had arisen in an action other than for a declaratory judgment, it must be tried to a jury on demand in the declaratory action. There is no right to jury trial if, absent the declaratory procedure, the issue would have arisen in a proceeding in equity or in admiralty." Wright, Miller & Kane, Federal Practice and Procedure:

Civil 2d § 2769. The insurance coverage issue in the case at bar could have been tried by a jury upon demand had Montgomery Ward not invoked the declaratory judgment procedure. Consequently, Ms. Placek would have been able to demand a jury trial in the declaratory judgment action on all factual issues and the actions could have been consolidated for trial.

**4.** The United States Supreme Court recently rejected the argument that the possibility of removal, standing alone, warrants abstention. In *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1144, 99 L.Ed.2d 296 (1988), the court stated, "This Court never has intimated acceptance of petitioner's view that the decision of a party to spurn removal and bring a separate suit in federal court invariably warrants the stay or dismissal of the suit under the *Colorado River* doctrine. *See also* Wilson, *Federal Court Stays And Dismissals In Deference To Parallel State Court Proceedings: The Impact of Colorado River*, 44 U.Chi.L.Rev. 641, 666–671 (1977), for a discussion on the effect the right of removal in the abstention analysis.

"A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal." *Moses Cone*, 460 U.S. at 2, 103 S.Ct. at 929. Such exceptional circumstances are simply not present in the case at bar.

Accordingly,

IT IS ORDERED that defendant's motion to stay or, in the alternative, to dismiss is DENIED.