**CIA AEOLIA DE NAVEG. SA. PANAMA, Libelant,**

v.

**JOHN T. CLARK AND SON OF BOSTON, INC., Respondent.**

No. 64-31-J.

United States District Court
District of Massachusetts.

Dec. 22, 1964.

Robert J. Hallisey, Hiller B. Zobel, Bingham, Dana & Gould, Boston, Mass., for libelant.

Thomas R. Morse, Jr., William A. Cotter, Jr., Parker, Coulter, Daley & White, Boston, Mass., for respondent.

JULIAN, District Judge.

The libelant seeks a declaratory judgment under 28 U.S.C. § 2201 and Supreme Court Admiralty Rule 59.

The libelant was sued in the Massachusetts Superior Court by an employee of the respondent for personal injuries allegedly received by him while working as a longshoreman unloading the libelant's vessel. In that action the libelant filed an answer in effect denying liability. The suit is still pending.

In this libel the libelant seeks a declaration by this Court "that respondent is and shall be liable to libelant for any and all costs and disbursements (including reasonable attorneys' fees) now accrued or to be incurred by libelant in defending * * * said action as well as for any and all sums which libelant may pay * * * by way of judgment, execution or reasonable compromise or settlement; * * *" The libelant claims that if the plaintiff in the State court suit was injured, his injuries resulted wholly from the respondent's failure to perform its stevedoring contract in a workmanlike manner.[1]

The Court need not reach those issues raised by the motions which relate to jurisdiction or the contention that this suit is premature.

■ The Court has discretionary power to grant or to deny the relief sought by the libelant. Indemnity Insurance Co. of North America v. Kellas, 1 Cir., 1949, 173 F.2d 120.

If this Court were to entertain this suit, it would be required to determine many substantial questions [2] of fact and law as between the libelant and the respondent which the Superior Court is being called upon to determine in the case pending before it between the libelant and the longshoreman, with conceivably conflicting results. Furthermore, an adjudication by this Court may well prove to be inconclusive as long as the State court case remains undecided.

It is to be noted that it is now possible for the libelant to join the respondent as a third-party defendant in the related case now pending in the Superior Court. Since the commencement of both suits chapter 231 of the Massachusetts General Laws was amended by the addition of section 4B.[3] This new section provides for third-party practice in the Massachusetts courts similar to that made available by Rule 14(a) of the Federal Rules of Civil Procedure in federal courts.

■ No useful purpose would be served for this Court to decide a subordinate aspect of a controversy which is awaiting adjudication in another forum. This is particularly true when, as here, there is available in the State court an adequate procedure in which all the factual and legal issues in the entire controversy can be determined in one trial. Litigation should not be needlessly multiplied.

The Court in its discretion orders that the libel be dismissed without prejudice and without costs.

1. In the answer it filed in the State court case the libelant not only denies that the plaintiff was injured but also alleges that if he was injured the injuries were caused in whole or in part by the plaintiff's own willful misconduct.

2. For example, the questions of liability and damages for the injuries, if any, allegedly sustained by the longshoreman.

3. G.L. c. 231 § 4B was added by chapter 696 of the Acts and Resolves of 1964. It was approved on July 3, 1964. It provides that defendant may move on notice to the plaintiff for leave to enter a writ and have served a summons and third-party declaration upon a person not party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.