James CRUICKSHANK, Plaintiff,

v.

BOARD OF MANAGERS OF the NEW JERSEY REFORMATORY, BORDEN-TOWN, NEW JERSEY, Defendant.

Civ. A. No. 247-67.

United States District Court
D. New Jersey.

March 17, 1967.

James Cruickshank, pro se.

No appearance for defendant as of this date.

## OPINION

WORTENDYKE, District Judge:

Plaintiff, James Cruickshank, seeks a declaratory judgment in this Court, pursuant to 28 U.S.C. § 2201. Plaintiff moves the Court to determine whether two alleged State procedures violate both the cruel and unusual punishment clause of the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

Briefly stated, the two alleged State procedures relate to: (1) the manner of service of sentence, i. e., consecutive or concurrent in regard to a convicted person who, while on parole, commits a subsequent offense and is sentenced therefor to State prison, and (2) whether the State may arbitrarily release a prisoner after he has served the State sentence, referred to in (1) above, without requiring that such prisoner commence serving the remainder of the initial sentence from which such prisoner was paroled.

Plaintiff makes the following allegations:

(1) On March 9, 1962, he was sentenced in the Passaic County Court to a five-year indeterminate sentence in the New Jersey Reformatory, Bordentown, New Jersey;

(2) On December 13, 1963, he was paroled by the Board of Managers of that institution, with his maxi-

mum Reformatory sentence due to expire on September 6, 1966;

(3) While on parole, he was indicted for "death by auto" and found guilty on this indictment after trial by jury in the Bergen County Court, and sentenced to 2½ to 3 years in the New Jersey State Prison on June 18, 1965;

(4) The Bergen County Court, in sentencing him, made no reference to the relationship of this sentence to the Reformatory sentence which plaintiff was then serving;

(5) In May 1966, he was advised by the Rahway Prison Farm Classification Department that the Board of Managers of the New Jersey Reformatory had advised the New Jersey State Prison that the Reformatory sentence was consecutive to the 2½ to 3-year sentence imposed upon the plaintiff in the Bergen County Court; and that the plaintiff would have to serve the remainder of such Reformatory sentence (one year and twenty six days) upon completion (in June 1967) of the plaintiff's service of the 2½ to 3-year New Jersey State Prison sentence;

(6) On November 28, 1966, plaintiff requested the Board of Managers of the New Jersey Reformatory to declare that the plaintiff's Reformatory sentence had expired and, therefore, to issue a termination certificate. On December 15, 1966, the Board of Managers of the New Jersey Reformatory denied plaintiff's request. On December 23, 1966, the plaintiff filed a notice of appeal from this decision to the Superior Court of New Jersey, Appellate Division, pursuant to N.J.R.R. 4:88–8(a). *This appeal is still pending.*

The Court has discretionary power to grant or deny declaratory judgment relief; and this is especially true in a situation, as here, where an appeal is pending before a State court upon the same factual basis. See Cia Aeolia De Naveg. SA. Pan., etc. v. John T. Clark and Son of Boston, 250 F.Supp. 808 (D.Mass.1964). It would serve no useful purpose to render a declaratory judgment in this case. See Yellow Cab Co. v. City of Chicago, 186 F.2d 946, 950–951 (7 Cir. 1951). It would be a proper exercise of this Court's discretion to deny declaratory relief. See Standard Acc. Ins. Co. v. Leslie, 55 F. Supp. 134 (E.D.Ill.1944).

Accordingly, the Complaint is dismissed without prejudice. Present an appropriate order.