MOTOR VEHICLE CASUALTY COMPANY, an Illinois corporation, Insurance Company of North America, a Pennsylvania corporation, and Employers Insurance of Wausau, an English corporation, Plaintiffs,

v.

RUSSIAN RIVER COUNTY SANITATION DISTRICT, et al., Defendants.

CITIZENS UTILITIES COMPANY OF CALIFORNIA, Plaintiff,

v.

RUSSIAN RIVER COUNTY SANITATION DISTRICT, Defendant.

RUSSIAN RIVER COUNTY SANITATION DISTRICT, Cross-Complainant,

v.

James M. MONTGOMERY, Consulting Engineers, Inc., a California corporation, et al., Cross-Defendants.

Nos. C–81–3523 SW, C–81–3598 SW.

United States District Court, N. D. California.

Dec. 17, 1981.

---

R. Richard Audley, Audley & Pandullo, San Francisco, Cal., for Motor Vehicle Cas. Co.

Jerome F. Downs, Thornton, Taylor & Downs, San Francisco, Cal., for Ins. Co. of North America.

John D. Shuff, Robins, Zelle, Larson & Kaplan, Newport Beach, Cal., for Employers of Wausau Ins. Co.

J. Michael Higginbotham, Maurer, Higginbotham & Harris, San Francisco, Cal., for defendant James M. Montgomery, Consulting Engineers, Inc.

Larry D. Dingus, Randall M. Smith, Dingus, Haley & Holderness, San Francisco, Cal., for Fireman's Fund Ins. Co.

Lempres & Wulfsberg, Professional Corp., Oakland, Cal., for Russian River County Sanitation Dist.

ORDER REMANDING ACTION C–81–3598 AND DISMISSING ACTION C–81–3523 WITHOUT PREJUDICE

SPENCER WILLIAMS, District Judge.

INTRODUCTION

These actions arise from a complicated series of transactions relating to the installation of a new wastewater collection system in the Russian River Sanitation District. As the caption to these related cases reveals, the claims surrounding the allegedly defective sewer system involve many parties, each of whom points the finger at someone else as responsible for the resulting damages.

An understanding of the legal issues presented by these motions requires a brief identification of the parties involved and a statement of the relevant facts.

In August, 1976, the Russian River County Sanitation District ("Russian") retained James M. Montgomery, Consulting Engineers, Inc. ("engineer") to design a wastewater collection system to replace existing septic tanks and leachfields in the Russian River area of Sonoma County. The general contractor for this project, which required the construction of a forty-two mile pipe system, was Dan Caputo Company and Wagner Construction Company ("contractor"), a joint venture. The contractor's sureties for the project were Gulf Insurance Company, a Missouri corporation, and Fireman's Fund Insurance Company, a California corporation. ("sureties").

The sewer system project was insured against all risks of physical loss or damage by three insurance companies, Motor Vehicle Casualty Company, an Illinois corporation, Insurance Company of North America, a Pennsylvania corporation, and Employers' Insurance of Wausau, an English corporation. ("insurers"). Under the terms of the insurance policies, the contractor was the loss payee and the engineer, Russian and the contractor itself were among the named insureds.

Construction of the sewer system began in May of 1979 after which time the contractor encountered underground utilities of Citizens Utilities Company of California ("Citizens") and Russian River Gas Company. ("Gas Company"). The location of the underground utilities of these two local companies allegedly were designated improperly such that construction work was delayed.

Significant problems arose concerning the quality of the sewer system. The complaints filed herein contain various allegations that the sewer system is defectively designed, improperly installed and poorly constructed. Apparently, the system has developed numerous "bellies" in the line which render it defective.

Citizens commenced this action by filing a complaint in Sonoma County Superior Court against Russian, the contractor and others alleging *inter alia* that the installation of the sewer system damaged its pipelines and related equipment.

Subsequently, Russian filed a massive, thirty-one page cross-complaint against the contractor, the engineer and the sureties for indemnity as to Citizens' complaint and for recovery of damages for various losses it has suffered as a result of the construction and engineering of the sewer system. Russian also cross-complained against Citizens and the Gas Company in the eighth and ninth causes of action respectively alleging that they failed to provide accurate information as to the location of their pipes and thus delayed completion of the system. Finally, the twenty-second cause of action sought a declaration that the insurers are obligated to pay Russian the amount of losses sustained in the project.

On September 11, 1981, the insurers removed the entire state court case to this court on the ground that the twenty-second cause of action was a separate and independent claim for breach of contract and for declaration of rights which would be removable if sued upon alone. The removing parties predicated federal jurisdiction over this action (No. C–81–3598 SW) on the diversity of citizenship between the insurers and Russian, the cross-complainant in state court.

After the filing of the state court cross-complaint, but before No. C–81–3598 was removed, the insurers filed Action No. C–81–3523 SW for declaratory relief in this court as to Russian's right to recover under the contractor's insurance policies. This declaratory relief action involves the same issues raised in the twenty-second cause of Russian's cross-complaint. In recognition of the common questions of law and fact applicable to both actions, the court related these cases pursuant to local rule.[1]

These actions recently came on for a hearing on Russian's motion to remand its case to state court pursuant to 28 U.S.C. § 1447(c),[2] and Russian's motion to dismiss or, in the alternative, to stay the declaratory relief action. These motions require the resolution of three basic issues: first, whether removal is available to third-party defendants; second, whether a claim for declaratory relief under an insurance contract is "separate and independent" when compared to the claims in the underlying dispute; and third, whether this court should exercise its discretion and dismiss the declaratory judgment suit because another suit raising the same issues is pending in state court.

After careful consideration of the excellent briefs and arguments of counsel, the pleadings and all other matters in the record, the court grants Russian's motions to remand and dismiss the federal declaratory relief action without prejudice. As to the remand issue, the court holds that although removal may be available to third-party defendants, a claim to determine insurance coverage as to an underlying claim is not "separate and independent" for purposes of the removal statute. In light of this conclusion, the court further holds that the dictates of judicial economy and comity support its discretionary decision to dismiss a federal court declaratory relief action premised on diversity jurisdiction when the issues presented therein are, at the same time, the subject of a state court proceeding.

The following constitutes a brief statement of the reasons for the court's ruling and a written order thereon.

## DISCUSSION RE MOTION TO REMAND

■ In its motion to remand, Russian first argues that removal was improvident and without jurisdiction because the right of removal does not attach to third-party defendants. While such a position has the support of a great many cases[3] and certain federal treatises,[4] the better view is that the right of removal under 28 U.S.C. § 1441(c) should not depend on the procedural accident that a defendant was brought in as a third-party under a particular state's procedural law. The correct rule is that when a truly separate and independent claim is made against a third-party defendant, which would be removable on its own, the fact that the removing party is not the original defendant does not impair the right of removal under federal law.[5]

---

1. L.R. 205–2(b) (Local Rules of the District Court for the Northern District of California) provides:

    An action or proceeding is deemed to be related to another within the meaning of this Rule when both actions or proceedings:
    (i) Involve the same parties and are based on the same or similar claims, or
    (ii) Involve the same property, transaction or event; or
    (iii) Involve substantially the same facts and the same questions of law.

2. 28 U.S.C. § 1447(c) states in relevant part:
    If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. . . .

3. *See, e.g., Croy v. Buckeye International Inc.,* 483 F.Supp. 402, 405 (D.Md.1979); *Lowe's of Montgomery, Inc. v. Smith,* 432 F.Supp. 1008 (M.D.Ala.1977); *Greater New York Mutual Insurance Co. v. Anchor Construction Co.,* 326 F.Supp. 245, 248–49 (E.D.Pa.1971).

4. Wright, Miller & Cooper, Federal Practice & Procedure § 3724 (1980 ed.); 1A J. Moore, Federal Practice ¶ 0.167[10] (2d ed. 1980).

5. Of course, it is well-settled that diversity cases are removable only if no party in interest, properly joined as a defendant, is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Clarence E. Morris, Inc. v. Vitek,* 412 F.2d 1174, 1176 (9th Cir. 1969). The record in this case indicates that both the contractors and one insurer reside in California.

The cases which have denied the third-party defendant the right to remove have done so on three different theories. First, courts have reasoned that the joinder of claims under section 1441(c) is limited to the original plaintiff's claims and that therefore, a third-party defendant is not a defendant within the meaning of the statute.[6] Second, courts denying removal have considered third-party claims "too ancillary" to the main action to justify the removal of the entire case.[7] Finally, some courts have accepted the argument that it would be unjust to permit a party not sued by the plaintiff to compel the original plaintiff to a trial in a forum not of his own choosing.[8]

Adoption of the above-mentioned reasons would produce the anomalous result that a third-party defendant, who otherwise would have the right to remove its case to federal court on the basis of federal jurisdiction, would be precluded from removing by the procedural "accident" that it was joined as a third-party instead of as an original defendant. Certainly, the strong policy behind uniform application of the removal statute compels the conclusion that third-party defendants be treated the same as original defendants.[9]

The reasons advanced in favor of restricting a defendant from removing are based more on an unarticulated bias against the "expansion" of removal jurisdiction than

they are grounded in logic and common-sense. While the removal statute speaks in terms of "plaintiffs" and "defendants," nowhere does it limit its application to the original defendant. Moreover, the statute does not refer to joinder *by the plaintiff* but rather refers only to the joinder of any separate and independent claim.[10] As recognized by the labelling terms contained in many state procedural statutes, parties involved in third-party complaints really are "plaintiffs" and "defendants" who are involved in litigation which procedurally is annexed to a related lawsuit.

The argument that third-party claims are "too ancillary to the main action to be classified as separate and independent claims" not only begs the essential question on a section 1441(c) removal but ignores the statutory power of the federal trial court to remand all matters not otherwise within its original jurisdiction. Section 1441(c) permits removal when a claim is both separate and independent of the other non-removable claims.[11] If a claim as to a third-party defendant satisfies this requirement, it is removable regardless of its "ancillary" quality. To the extent that such removal brings with it claims otherwise improperly before a federal tribunal, the removal statute expressly permits the court to exercise its discretion and remand all matters not otherwise within its original jurisdiction.[12]

Certainly, if, as in the present case, the suit against the third-party defendant is *not* separate and independent, the presence of a resident third-party co-defendant would defeat removal.

6. *See, e.g., Lowe's of Montgomery, Inc. v. Smith*, 432 F.Supp. 1008, 1010 (M.D.Ala.1977).

7. *See, e.g., Hyde v. Carder*, 310 F.Supp. 1340 (W.D.Ky.1970).

8. *See, e.g., Holloway v. Gamble-Skogmo, Inc.*, 274 F.Supp. 321 (N.D.Ill.1967).

9. *Carl Heck Engineers v. LaFourche Parish Police Jury*, 622 F.2d 133, 135–36 (5th Cir. 1980); *Bond v. Doig*, 433 F.Supp. 243, 248 (D.N.J. 1977); *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284, 286 (D.N.J.1954).

10. *See* cases cited in note 9 *supra*.

11. The requirements that a removed claim be both "separate and independent" and that it also be part of "one constitutional case," *United ed Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), have been thought by some to be inherently inconsistent. In light of this fact, there are widely varying views on the constitutionality of section 1441(c). *See* Cohen, Problems in the Removal of a "Separate and Independent Claim or Cause of Action," 46 Minn.L.Rev. 1 (1961); Lewin, The Federal Courts' Hospitable Back Door—Removal of "Separate and Independent" Non-Federal Causes of Action, 66 Harv. L.Rev. 423 (1953). In light of this court's decision to remand this case and in the face of countless court decisions presuming the constitutionality of the statute, this issue need not be addressed at this time.

12. 28 U.S.C. § 1441(c) provides:
Whenever a separate and independent claim or cause of action, which would be remova-

To whatever degree injustice would result if the plaintiff was required to pursue its complaint in federal court due to a third-party defendant's removal, the injustice would be even greater if, due to the liberality of state pleading rules, a party could prevent another from removing merely by suing it as part of a third-party complaint.[13] The removal statute certainly does not contemplate predicating the right of removal on such an artificial distinction.

Therefore, the court holds that if the third-party complaint states a separate and independent claim, which if sued upon alone could have been removed to federal court, there should be no bar to removal.

■ The question critical to the determination of this motion to remand is whether the twenty-second cause of action against the insurers, which if sued upon alone would be under the court's diversity jurisdiction, is "separate and independent" under section 1441(c). This court holds that a declaration for coverage brought against a party's insurance company when joined with the claims as to the underlying action does not satisfy the removal statute's conjunctive requirements that the claim be separate *and* independent.

Prior to its 1948 revision, the federal removal statute, former section 71 of Title 28, permitted removal of an action on the basis of a separable "controversy." The term "controversy" was interpreted as any possible separate suit that a litigant might properly bring in a federal court so long as it was wholly between citizens of different states.[14] With the codification of the revised section 1441(c), Congress successfully restricted the removal jurisdiction of the federal courts when it concluded that a separable controversy is, by itself, an inadequate ground for removal unless it also constitutes a "separate and independent" claim or cause of action.

The only word from the United States Supreme Court as to the meaning of the language in section 1441(c) came in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn*, the plaintiff, a citizen of Texas, brought an action in a Texas court against two out-of-state insurers and their agent, a citizen of Texas, to recover for a loss from fire. The complaint was in the alternative and alleged that each defendant company had issued a policy to the plaintiff covering the loss and had failed to pay, and that the defendant agent had wrongfully failed to deliver the policies to the plaintiff. Some of the acts of the defendants were concurrent and some were not. The two foreign insurance companies removed the entire case to the federal district court. Despite the fact that the claim as to each defendant may have arisen from different contractual duties, the Supreme Court held that the action was not removable under the revised removal statute.

ble if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Russian argued that even if the twenty-second cause of action was removable, the rest of the case could not be removed because the claims would be pendent-party claims prohibited by the Ninth Circuit. *Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977). While it is true that the claims as to the pendent parties would not be within the court's original jurisdiction because there is no diversity, the *Ayala* rule has no application to the removal situation. Section 1441(c) explicitly grants the court the power to hear jurisdictionally improper claims when joined with one that is both "separate

and independent" and within the court's original jurisdiction.

Certainly, however, any constitutional limitations on the expansive language of the removal statute as to federal jurisdiction particularly are present in the pendent-party context, *see* note 11 *supra*. This issue, though, is not now before this court.

**13.** For example, California law permits a cross-complainant to join all claims it may have against a cross-defendant as long as one arises out of the same transaction or occurrence as the suit brought against it. Cal.Code of Civ. Proc. § 428.30.

**14.** *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10–11, 71 S.Ct. 534, 538–539, 95 L.Ed. 702 (1951).

In an opinion written by Mr. Justice Reed, the Supreme Court in *Finn* intimated that the claims against the insurance companies were "separable," but held that the action did not contain "separate and independent" causes of action. The court explained the impact of the 1948 revision:

> Of course, "separate cause of action" restricts removal more than "separable controversy." In a suit covering multiple parties or issues based on a single claim, there may be only one cause of action and yet be separable controversies. The addition of the word "independent" gives emphasis to congressional intention to require more complete disassociation between the federally cognizable proceedings and those cognizable only in state courts before allowing removal."[15]

In formulating a rule which virtually has sounded the death knell for removal of "separate and independent" claims in the diversity context, the court concluded:

> [W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).[16]

Applying this test to the facts before it, the Court reasoned that the failure to pay compensation for the loss on the property is the "single wrong" for which relief was sought. The court further concluded that the various claims involved substantially the same facts and transactions, and therefore could not be said to be separate and independent claims for relief as section 1441(c) requires.

Similarly in this case, Russian suffered a "single wrong" by the insurers and the other involved defendants in the third-party complaint. This single, alleged wrong centered on Russian's claim that the wastewater system was defective due to its design, construction and installation.

The insurers and sureties argue that the claim as to insurers regarding the coverage of their policies on the underlying wrong is removable under section 1441(c) because this claim derives from a different legal source, i.e. the insurance contract itself. While this argument is facially appealing, it is flawed for two main reasons.

First, the main focus of the "separate and independent" requirement is not on the often perplexing question of whether a single "primary right" is involved, but rather it is aimed at whether the various claims involve a "single wrong" to plaintiff. The single wrong involved in the cross-complaint filed in state court concerns Russian's claim that the various parties have failed to compensate it for a defective sewer system.

Second, the insurers and sureties ignore the conjunctive nature of the "separate and independent" requirements.[17] While the claim made against the insurers arguably is "separate" from the main action, it clearly is not independent. The underlying controversy in Russian's third-party complaint is whether the underground pipe was laid in accordance with specifications. The issue of insurance coverage is integrally related to and dependent upon the findings made by the triers of fact as to this underlying dispute. As such, it can hardly be said that the twenty-second cause of action is independent or disassociated from the issues raised in the main action.

The type of disassociation envisioned by section 1441(c) is not present in the instant case. When a plaintiff sues a wrongdoer and an insurer writing a policy covering the specific wrong, the claims are closely related and therefore are not independent as required by section 1441(c).[18] A contrary rule would produce the unsatisfactory result that a defendant could always name its insurer in a third-party complaint and ob-

---

**15.** *Id.* at 12, 71 S.Ct. at 539.

**16.** *Id.* at 14, 71 S.Ct. at 540.

**17.** *See Snow v. Powell*, 189 F.2d 172, 174 (10th Cir. 1951); *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F.Supp. 1156, 1160 (D.Md.1978);

*Doran v. Elgin Cooperative Credit Association*, 95 F.Supp. 455 (D.Neb.1950).

**18.** *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F.Supp. 1156 (D.Md.1978); 1A J. Moore, Federal Practice ¶ 0.163[4.–5] (2d ed. 1980).

tain removal in an otherwise non-removable action. Such artificial creation of federal jurisdiction was never intended by Congress when it enacted the modern removal statute and accordingly it will be denied in this case.

## DISCUSSION RE MOTION TO DISMISS

Russian argues that the related action for declaratory relief should be dismissed in light of the fact that the same issue is pending in state court. This court agrees and exercises its discretion to dismiss without prejudice the federal court action.

 The granting of declaratory judgment relief rests in the sound discretion of the trial court and a court should decline to exercise jurisdiction if the same issue is presented in a lawsuit pending in state court.[19] This rule is premised on notions of both comity and judicial economy.

As this court stated in *Travelers Indemnity Co. v. Boles*, 503 F.Supp. 179 (N.D. Cal.1980):

> Making federal declaratory relief available was not intended to enable one party to obtain a change of forum from a state to a federal court, nor to permit the use of a declaratory judgment action in federal court merely as a means of asserting what otherwise would be defenses to a claim brought in state court by the defendant in the federal declaratory action.[20]

This court has carefully considered the factors bearing on the court's decision to exercise its discretion. In light of the fact that the action remanded to state court by this opinion will involve the very same declaratory relief issue raised in the federal suit, the latter action should be dismissed.

## CONCLUSION

This action involves a massive state court case presenting issues of California law. In light of the fact that this case was improvidently removed to this court without juris-

diction, IT IS HEREBY ORDERED that Action No. 81–3598 SW is remanded to the Sonoma County Superior Court from which it was removed.

IT IS FURTHER ORDERED that Action No. 81–3523 SW is hereby dismissed without prejudice.

IT IS SO ORDERED.

---

**19.** *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494–95, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942); *Travelers Indemnity Co. v. Boles*, 503 F.Supp. 179 (N.D.Cal.1980).

**20.** 503 F.Supp. at 181.